## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MICHAEL JAMES LAWRENCE,      )
                                            )
          Petitioner,            )
                                            )
                                            )      CIV-05-273-M
v.                                       )
                                            )
MIKE ADDISON, Warden,        )
                                            )
          Respondent.         )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is challenging the convictions for Possessing a Firearm after former conviction of two or more felonies and three counts of Attempted Subornation of Perjury after former conviction of two or more felonies and the consecutive 20-year sentences for each of these convictions entered in the District Court of Oklahoma County, Case No. CF-93-4619. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and

1

Dockets.Justia.com

Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214.  The

AEDPA amends 28 U.S.C. §2244 by adding a one-year period of limitation on the filing of

a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court

judgment. 28 U.S.C. §2244(d)(1).  Petitioner filed this Petition on March 10, 2005, and his

Petition is therefore governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S.

320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's

effective date of April 24, 1996).

        Prior to the enactment of the AEDPA, there was no specific time limit imposed on the

filing of a habeas petition. See Vasquez v. Hillery, 474 U.S. 254, 265 (1986)("Congress has

yet to create a statute of limitations for federal habeas corpus actions."); United States v.

Smith, 331 U.S. 469, 475 (1947)("habeas corpus provides a remedy for jurisdictional and

constitutional errors at the trial, without limit of time").  Because application of the new

limitation period prescribed in 28 U.S.C. §2244(d)(1) would unjustly and retroactively

preclude the filing of habeas petitions by prisoners whose time had elapsed prior to the

AEDPA's enactment, the majority of the circuits, including the Tenth Circuit Court of

Appeals, gave such prisoners an equitable "grace" period of one year from April 24, 1996,

or until April 23, 1997, to file their federal habeas corpus petitions. *E. g.*, Hoggro v. Boone,

150 F.3d 1223, 1225-1226 (10th Cir. 1998).

Information available to the public on the world wide web,[1] of which the undersigned takes judicial notice, reflects that a jury found Petitioner guilty of the four convictions he challenges herein on February 2, 1994. The jury recommended that Petitioner receive a sentence of twenty years of imprisonment for each conviction, and Petitioner was sentenced on February 3, 1994, to twenty year terms of imprisonment for each conviction, with the sentences to be served consecutively. According to Petitioner, his convictions were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on March 26, 1996, in an unpublished summary opinion, Case No. F-95-507. Petitioner filed an application for post-conviction relief in August 2004, and the post-conviction application was denied by the district court on October 25, 2004. The district court's denial of the post-conviction application was affirmed by the OCCA on February 2, 2005.

Because the convictions Petitioner is challenging became "final" within the meaning of 28 U.S.C. §2244(d)(1)(A)[2] before the effective date of the AEDPA, Petitioner had until April 23, 1997, to timely file his federal habeas petition challenging these convictions. The instant Petition was not filed until almost eight years after the limitation period expired.

---

[1]<http://www.oscn.net/applications/ocisweb/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=37706&db=Oklahoma>

[2]Under 28 U.S.C. §2244(d)(1), the one-year limitation period runs from the latest of four circumstances, one of which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

Thus, under 28 U.S.C. §2244(d)(1)(A), the Petition is untimely unless tolling principles apply to extend the limitation period.

Petitioner contends, however, that the limitation period should begin at a later date because of an intervening change in the law.  As his sole ground for habeas relief, Petitioner alleges that the trial court exceeded its jurisdiction by sentencing the Petitioner to consecutive sentences without giving the jury the option to consider whether to impose consecutive or concurrent sentences.  To support this claim, Petitioner relies on two United States Supreme Court decisions, Blakely v. Washington, __ U.S. __, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000).  He asserts that these decisions reflect an intervening change in the law which warrants the application of a different limitation period to the filing of his habeas petition.  Under 28 U.S.C. §2244(d)(1)(C), the one-year limitation period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...."

Neither of the Supreme Court decisions upon which Petitioner relies were found by the Supreme Court to be retroactively applicable to final convictions, such as Petitioner's. To determine the retroactivity of a new rule of criminal procedure, "a conviction becomes final when the availability of a direct appeal has been exhausted, and the time for filing a certiorari petition with the Supreme Court has elapsed, or the Court has denied a timely certiorari petition." United States v. Price, __ F.3d __, 2005 WL 535361, *2 (10th Cir. Mar. 8, 2005).  Under this analysis, Petitioner's convictions are final convictions for purposes of

determining the retroactivity of these decisions.  The retroactivity issue with respect to the

Blakely decision has been determined.  In Price, the Tenth Circuit Court of Appeals

concluded that Blakely does not apply retroactively to convictions that were final at the time

the Supreme Court entered the Blakely decision on June 24, 2004. Id. at *5.  In another

decision entered by the Tenth Circuit Court of Appeals, United States v. Mora, 293 F.3d

1213, 1219 (10th Cir.), cert. denied, 537 U.S. 961 (2002), the circuit court held that the

Supreme Court's decision in Apprendi is "not the type of watershed decision that entitles a

defendant to retroactive relief in an initial habeas action." Pouncil v. Nelson, No. 04-3359,

2005 WL 375939, *5 (10th Cir. Feb. 17, 2005)(unpublished op.).  Accordingly, Petitioner's

claim that his habeas Petition is timely because he is relying on recent Supreme Court

decisions is without merit.  Thus, absent grounds for tolling the limitation period, the Petition

is time-barred under 28 U.S.C. §2244(d)(1)(A).

Petitioner's application for post-conviction relief was pending in the state courts

between August 2004 and February 2005.  However, Petitioner's post-conviction application

does not toll the running of the limitation period because the post-conviction application was

not filed until after the expiration of the applicable one-year limitation period.  28 U.S.C.

§2244(d)(2); Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535

U.S. 1034 (2002).

In this circuit, the §2244(d)(1) limitation period "may be subject to equitable tolling."

Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).  This

equitable tolling principle is available only when an inmate has diligently pursued his or her

5

federal claims and demonstrates that the failure to timely file a habeas petition was caused by "extraordinary circumstances beyond [the inmate's] control" or that other extraordinary reasons exist to justify equitable tolling, such as "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); Miller, 141 F.3d at 978.

        In an effort to equitably toll the limitation period applicable to the instant Petition, Petitioner asserts that his Petition should not be dismissed on the basis that it is time-barred because he is raising "a jurisdictional question [that] can be raised at any time...." Brief in Support of Petition, at 2.    Petitioner's contention that there exists an exception to the §2244(d)(a) statute of limitation bar for collateral claims of a jurisdictional nature is without merit.    See Pfeil v. Everett, No. 01-8003, 2001 WL618209, *5 (10th Cir. June 6, 2001)(unpublished op.)(finding habeas petitioner's claim of a "jurisdictional defect exception" to the §2244(d)(1) limitation period to be meritless).    Petitioner provides no extraordinary circumstances beyond his control to justify his belated filing of his habeas Petition approximately eight years after his convictions in Case No. CF-93-4619 became final, and he has not demonstrated his diligent pursuit of his federal claims.    Accordingly, the Petition should be dismissed with prejudice on the ground that it is time-barred.


## RECOMMENDATION

        Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DISMISSED with prejudice on the basis that

it is time-barred.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 4th___, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___15th___ day of ___March___, 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE